J.V. KEENON AND HATTIE KEENON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keenon v. Commissioner
Docket No. 18731-81
United States Tax Court
T.C. Memo 1982-144; 1982 Tax Ct. Memo LEXIS 601; 43 T.C.M. (CCH) 836; T.C.M. (RIA) 82144; March 23, 1982. Perry Goldberg, *602 for the petitioners. Timothy Donovan, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with the adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $ 408. The issues for decision are (1) To what extent are petitioners entitled to rental expense and depreciation deductions with respect to the rental to their daughter of a dwelling unit owned *603 by them; and (2) whether petitioners have substantiated interest expenses. Some of the facts have been stipulated and are found accordingly. Petitioners resided in Chicago, Illinois, at the time their petition was filed. During the tax year 1978, Mr. Keenon was employed as a machine operator and Mrs. Keenon as a housekeeper. Their employment produced a combined salary income of approximately $ 11,000. In 1973, petitioners purchased a building in south Chicago. The building was remodeled to contain two dwelling units consisting of six rooms each. Prior to and during the tax year 1978, petitioners occupied and resided in one of the dwelling units and their daughter occupied and resided in the other. Petitioners' daughter paid rent of $ 160 per month with respect to her occupancy of the unit. On their 1978 return, petitioners reported the monthly rental payments received from their daughter, totaling $ 1,920, as rental income, and they deducted therefrom the expenses attributable to the rental unit, including interest, taxes, utilities, and maintenance items totaling $ 3,462, and depreciation of $ 536. Accordingly, petitioners claimed a net loss of $ 2,078 from the rental *604 of their dwelling unit. Petitioners' building was located on the south side of Chicago. Some residences in the immediate neighborhood were boarded up and unoccupied during the year in question. Losses experienced by landlords due to nonpayment of rent by tenants in the general area amounted to as much as 10 percent during the period in question. In the notice of deficiency, respondent disallowed the claimed rental expenses and depreciation to the extent these deductions exceeded the rental income from the dwelling unit. Respondent's disallowance is based upon the provisions of sections 183 and 280A. Inasmuch as the restrictions contained in section 280A as regards allowable deductions arising out of the rental of a dwelling unit to a relative were amended retroactively as of December 29, 1981, (sec. 280A(d)(3), added by sec. 113(a), Pub.L. 97-119, 95 Stat. 1642), respondent no longer relies upon this provision but argues that section 183 precluded allowance of the deductions claimed by petitioners in excess of the amount allowed by respondent. In particular, respondent argues that the rental by petitioners of the dwelling unit to their daughter was not an "activity engaged *605 in for profit" within the meaning of section 183(a), such that, under section 183(b), no deductions are allowable with respect to the rental activity except to the extent of the rental income. Thus, the issue to be decided is a factual one, namely, whether petitioners had a bona fide objective to make a profit in connection with their ownership and operation of the rental unit. [3] See Jasionowski v. Commissioner,66 T.C. 312, 321 (1976). We believe petitioners have sustained their burden of proving they had such an objective. In reaching this conclusion, we have considered the following. First, the evidence establishes that the monthly rental charged by petitioners to their daughter was consistent in amount with comparable rentals charged to other tenants in the general area. Even if there were some discrepancy between rentals charged by others in the area and that charged *606 by petitioners, the discrepancy is justified by reason of the losses due to nonpayment of rent frequently incurred by surrounding landlords, a risk to which petitioners were not subjected by reason of their relationship with their daughter. Finally, while the losses incurred by petitioners from the rental of the unit during the year in question and, we assume, during prior years, are not insignificant, we believe they were dictated by economic factors and not by petitioners' desire to help their daughter. In other words, the evidence leads us to conclude that petitioners could not have shown a net profit on the operation of their unit in this somewhat depressed area even if they had rented to a stranger. Indeed, they might have shown a greater loss. We note that petitioners had a modest income and were hardly in a position to make any significant gift to their adult daughter. We believe petitioners charged a reasonable rent and had the genuine objective that although they would incur losses in the short term, they would profit from the operation and/or sale of the dwelling unit in the future. In this regard, while we agree with respondent that a profit motive is not established *607 solely by a taxpayer's expectation of capital gain from the sale of rental property, the expectation of gain on the sale is a factor to be taken into account in determining whether a taxpayer had, during the tax year in issue, a genuine intent to make a profit from the investment in and operation of the unit. See section 1.183-2(b)(4), Income Tax Regs.; Engdahl v. Commissioner,72 T.C. 659, 669 (1979). With respect to the interest expense issue, respondent disallowed $ 300 of petitioners' claimed itemized deduction for interest totaling $ 1,850. The burden of proof was upon petitioners to substantiate the disallowed interest expenses. Since they submitted no proof, we sustain respondent's determination. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. Petitioners appear to have abandoned the contention raised in their First Amendment↩ To Petition that Sec. 280A(d)(3) impliedly precludes the application of Sec. 183 to a situation involving rental of a dwelling unit to a relative. Suffice it to say we see no merit to this contention.